IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2788-WJM-KLM

NICHOLAS RIGATO,

    Plaintiff,

v.

STEVEN KIRKMAN,
SUSAN TURNER,
JOSHUA COMPTON,
TARA SMITH, and
GARY BENAVIDZ,

    Defendants.

---

**ORDER ADOPTING AS MODIFIED JULY 14, 2022
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the July 14, 2022 Recommendation by United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 95) that the Court grant in part and deny in part Defendants Susan Turner, Gary Benavidez, Tara Smith, and Steven Kirkman's Partial Motion to Dismiss (ECF No. 71). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Recommendation is adopted in its entirety.

    When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen

days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street,* 73 F.3d 1057, 1059 (10th Cir.1996) (quoting *Thomas v. Arn,* 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citing *Arn,* 474 U.S. at 150).

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

On July 29, 2022, Plaintiff filed a Motion for Enlargement of Time to File Written Objections (ECF No. 97), which the Court promptly granted, extending his deadline for filing an objection to the Recommendation to August 18, 2022 (ECF No. 98).

On August 19, 2022, Plaintiff filed a 28-page objection to the Recommendation (ECF No. 100), which was stricken on August 22, 2022, for failure to comply with this Court's practice standards (ECF No. 101). In the Order striking Plaintiff's Objection, the Court explained:

> This Court's Revised Practice Standard III.C.1 states that the page limit for a Fed. R. Civ. P. 72 objection is "10 pages." Plaintiff is GRANTED leave to file an Amended Objection which complies in all respects with this Court's Revised Practice Standards on or before September 12, 2022.

(*Id.*)

Plaintiff did not file an objection. Instead, on September 9, 2022, Plaintiff filed

2

another Motion for Enlargement of Time to Resubmit Objections, in which he requests that the Court clarify its practice standards.  (ECF No. 103.)  Specifically, he asks whether a "page" is defined as single-sided or double-sided in the context of the 10-page page limit for objections.  (*Id*. at 2.)  He also requests that the Court grant him an additional 14 days to file his objection to the Recommendation.  (*Id*.)  The Court believes that its practice standards (not to mention the Local Rules of this Court) are clear and speak for themselves on the question of whether a page is single-sided or double-sided.  There is nothing in the Court's practice standards suggesting that a page is double-sided.  Because Plaintiff offers no other arguments in support of his Motion for Enlargement of Time to Resubmit Objections, the motion is denied.  (ECF No. 103.)

Since Plaintiff did not file a timely objection to the Recommendation, the Court need not engage in a *de novo* review.  *See Summers,* 927 F.2d at 1167.  The Court reviews the Recommendation for clear error.  *See Hoodenpyle v. United States*, 2009 WL 3202247, at *1 (D.Colo. Sept. 30, 2009) (reviewing for clear error in the absence of a specific and timely objection).  The Court finds that it cannot agree with Judge Mix's recommendation that Plaintiff's Fourteenth Amendment equal protection claims be dismissed *with prejudice*.  (ECF No. 95 at 16.)  Judge Mix reasoned that Plaintiff had failed to make out an equal protection claim because he had not "adequately alleged that he was treated differently from other inmates who were similarly situated to himself."  (*Id*. at 15.)

The Court agrees that Plaintiff fails to state a claim for the reasons outlined by Judge Mix, however, the Court finds that it was error to dismiss his claim with prejudice at this juncture of the proceeding.  A pro se complaint "can only be dismissed for failure

3

to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner,* 404 U.S. 519, 521 (1972) (per curiam)).  For the reasons discussed above, Claims 2 and 3 are dismissed *without prejudice* to the extent that they are asserted under the due process clause of the Fourteenth Amendment.

In all other respects, the Court is satisfied there is no clear error on the face of the record.  *See Hoodenpyle*, 2009 WL 3202247, at *1 ("In the absence of a specific objection, I will review [the magistrate judge's] recommendation . . . to satisfy myself that there is no clear error on the face of the record.") (internal quotation marks omitted); *Pappas v. Frank Azar & Assocs., P.C.,* 2008 WL 652236, at *2 (D.Colo. Mar. 10, 2008) ("[O]bjections to a Magistrate Judge's ruling must specifically identify the reasons why the Magistrate Judge's ruling is allegedly in error.").  Therefore, the Court adopts the Recommendation as modified.

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Enlargement of Time to Resubmit Objections (ECF No. 103) is DENIED;

2. The Magistrate Judge's Recommendation (ECF No. 95) is ADOPTED AS MODIFIED;

3. Defendants' Partial Motion to Dismiss (ECF No. 71) is GRANTED IN PART and DENIED IN PART as follows:

    a. Claims 2 and 3, the claims asserted against Defendants Turner and Benavidz, are DISMISSED WITH PREJUDICE to the extent that they are asserted under the Fifth and Thirteenth Amendments, and

the due process clause of the Fourteenth Amendment;

    b.    Claims 2 and 3 are DISMISSED WITHOUT PREJUDICE to the extent that they are asserted under the Eighth Amendment and the equal protection clause of the Fourteenth Amendment;

    c.    Claims 4 and 5, the only claims asserted against Defendants Smith and Kirkman, are DISMISSED WITHOUT PREJUDICE;

    d.    Plaintiff's First Amendment claims are DISMISSED WITH PREJUDICE to the extent that Plaintiff seeks compensatory damages against Defendants Turner and Benavidz;

4. Should Plaintiff believe himself in a position to plausibly plead facts which would cure the pleading deficiencies noted in this Order, he may file a motion seeking leave to file a further amended complaint reflecting same by no later than **October 11, 2022**.

5. **Plaintiff is advised that he may NOT seek leave to file an amended complaint that includes claims that were dismissed with prejudice**; and

6. Judge Mix is encouraged to promptly set a scheduling conference, or such other hearing as she deems appropriate, to move this case forward.

Dated this 21st day of September, 2022.

BY THE COURT:

William J. Martinez
United States District Judge

5